McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Douglas Beard, #0073759
 Douglas.beard@mccormickbarstow.com
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
Telephone: (513) 762-7520
Facsimile: (513) 762-7521

Attorney for JOHN ZWEIGLE

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

SWITCHBACK GROUP, INC.,

        Plaintiff,

v.

JOHN ZWEIGLE, dba Design Services

        Defendant.

Case No. 5:14-Cv-1022

**DECLARATION OF JOHN ZWEIGLE IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

I, John Zweigle, declare as follows:

1. I am the Defendant in this action and submit this declaration based on my personal knowledge. I am a resident of California and have never resided in Ohio.

2. I am submitting this declaration in support of a motion to dismiss for lack of personal jurisdiction.

3. I have been in the design and manufacturing business for over thirty-five (35) years. Prior to 2007, I owned and operated my own design and manufacturing business and worked for various design and manufacturing businesses in California and Texas. At no time prior to 2007 did I solicit any business or perform any services in Ohio on behalf of my own company or any of the companies I worked for. In fact, other than changing planes during a layover, prior to 2007, I had

1 never been to Ohio.

4. In approximately September or October of 2007, I met at my California facility with the principals of plaintiff Switchback Group, Inc. As a result of this meeting, Switchback retained me to perform design and related services for Switchback and its customers.

5. While I agreed to perform services for Switchback in 2007, we agreed that I could continue to operate my existing business.

6. Between late 2007 and late 2012, I performed services for Switchback. During this time, I continued to reside in California and performed the vast majority of my work for Switchback from my home office in California. During this time, I traveled to Switchback's Ohio facility on average approximately 2-3 times per year to work on Switchback machines.

7. In late 2012, both Switchback and I wanted to amend our agreement. As such, I met with Switchback management in Ohio on December 2012 for the purpose of amending the agreement. During this meeting, Switchback agreed to increase my compensation. We further agreed that I could continue operating outside of Switchback as Design Services. From the time I amended my agreement with Switchback until the time I ceased working with Switchback, I continued working from my California home office. In fact, the meeting in Ohio in December 2012 was the last time I was physically present in Ohio.

8. Other than dealings with Switchback, at no time did or have I or Design Services ever solicited or transacted business in Ohio.

9. My relationship with Switchback terminated in May 2014. Since leaving Switchback, I have not soliticited or transacted any business in Ohio. Rather, I went to work for and am employed by a regional design services company. My current employer is located in California and provides services in the western United States. To my knowledge, my current employer has not solicited or transacted any business in Ohio during the time I have worked there.

10. In short, I have not traveled to Ohio since December 2012. Further, since leaving Switchback I have not solicited or transacted any business in the State of Ohio. Throughout my career, the only contacts I had to Ohio were through my work at Switchback.

11. It would be an overwhelming burden for me to have to litigate this matter in Ohio. As a

relatively new employee of my employer, any time that I would need to spend away from California to deal with this case could jeopardize my employment. In addition, at my current salary, it would be financially disastrous if I needed to travel back and forth to and stay in Ohio for any duration of time during this litigation.

12. In contrast, I understand and believe that Switchback is a national company, which is part of a commercial conglomerate of three other corporations employing in excess of 20 people with gross revenues of more than $3,000,000 per year.

13. In Plaintiff's Amended Complaint, they allege that I "continue to sell and market services in Ohio." The allegation is false. **I have not sold or marketed services in Ohio since I left Swtichback and, when I did sell or market services in Ohio during my relationship with Switchback, such sales and marketing efforts were on behalf of Switchback.**

14. Plaintiff's Amended Complaint further alleges that I have "over many years continuously and systematically transacted business in Ohio by regularly travelling to Ohio and by transacting business in the state." This allegation is also false. **The only connection and involvement I have ever had with Ohio was a direct consequence of my relationship with Switchback from 2007-2014.** Prior to 2007 I did no business and had never visited Ohio. Since leaving Swithback, I have not visited Ohio or solicited or transacted business there.

15. Plaintiff's Amended Complaint alleges that I have "continuous and systematic contacts with Ohio." The allegation is false. **I have lived in California continuously, and without interruption, from 2003 to the present time.** I have never resided in Ohio or had my principal place of business there.

16. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed by me on this 23rd day of December, 2014, in Fresno, California.

12/23/2014  13:37                                   (FAX)                   P.001/001

By: _____
    John Zweigle

03136-00002 3185340.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
312 Walnut STREET
Cincinnati, Ohio 45202

4                                                            14CBFL05449

Declaration of John Zweigle in Support of Motion to Dismiss for Lack of Personal Jurisdiction