UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SWITCHBACK GROUP, INC., | ) | |
| | ) | No. 5:14-CV-1022-JRA |
| *Plaintiff* | ) | |
| | ) | Judge John R. Adams |
| *v.* | ) | |
| | ) | |
| JOHN ZWEIGLE, dba DESIGN SERVICES | ) | **ORDER** |
| | ) | |
| *Defendant* | ) | |
| | ) | |

This matter appears before the court on a Motion to Dismiss for Lack of Personal Jurisdiction filed by John Zweigle, the defendant. For the following reasons, this motion is DENIED.

### I. Facts and History

Plaintiff Switchback Group Inc. ("Switchback") contracted with Defendant John Zweigle dba Design Services as a mechanical designer beginning in 2007. Pursuant to the agreement, all of Zweigle's design work and records were to be property of Switchback, and Switchback was to reimburse Zweigle for his travel expenses from California to Ohio or other business trips. Over the seven years, Zweigle travelled to Ohio several times each year and performed work with Switchback.

The contract was later adjusted and reaffirmed by both parties. Among the new specifications, Zweigle had to report all business opportunities to Switchback. Switchback alleges that Zweigle breached his contract, claiming some of the products were his own, and using them within his own advertising.

Switchback filed the underlying complaint for a breach of contract action.  Zweigle responded with a motion to dismiss based on personal jurisdiction.

**II.    Law and Analysis**

    **A.  Applicable Law**

There are two tests to a personal jurisdiction determination: (1) Ohio's long-arm statute; and (2) constitutional due process. *Air Prods. And Controls Inc. v. Safetech Int'l Inc.,* 503 F.3d 544, 550 (6th Cir. 2007). The plaintiff has the burden of showing personal jurisdiction, but this burden requires only a *prima facie* showing of jurisdiction.  *CompuServe, Inc. v. Patterson* 89 F.3d 1257, 1262 (6th Cir. 1996). This burden is slight, and this court "must consider the pleadings and affidavits in the light most favorable to the plaintiff." *Welsh v. Gibbs,* 631 F.2d 436, 439 (6th Cir. 1980).

    **B.  Long Arm Statute**

First, this Court must look to Ohio's long-arm statute. The statute reads, in relevant part:

> **(A)** A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
>     **(1)** Transacting any business in this state;
>
>     **(2)** Contracting to supply services or goods in this state;
>
>     \*\*\*
>
>     **(6)**  Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state[.]
>
>     \*\*\*

Ohio Rev. Code 2307.382(A)(1), (2), (6). Under this statute, this Court must determine if the defendant "should have reasonably expected that the [actions] would cause injury in Ohio." *Schneider v. Hardesty* 669 F.3d 693, 701 (6th Cir. 2012). Courts have interpreted this widely. Generally, when the plaintiff suffers injury in Ohio, courts have found jurisdiction. *Signom v. Schenck Fuels, Inc.,* 2007 U.S. Dist. LEXIS 42941 (S.D. Ohio.)

Zweigle contends that since the claims arose after the conclusion of his contract with Switchback, they do not arise out of his transacting business in the state, and since the end of that contract he has had no contacts with the state of Ohio.  Switchback argues that their claims arise out of Zweigle's choice to work for them, and that Zweigle visited Ohio frequently during the course of his contract.

Zweigle did sign a contract for his services in Ohio; there can be no question that the breach of contract claim "arose out of contracting to supply services in this state." O.R.C. 2307.382(A)(1). In addition, the other claims of false advertising *et al.* are based upon the allegation that Zweigle took credit for Switchback's work.  If this is true, Zweigle should have known that this could cause litigation in the state of Ohio, as he was causing injury to an Ohio corporation. The Ohio Supreme Court held when an employee signed non-disclosure agreements in Ohio, moved to another state, and then violated those agreements, he could have reasonably expected his former employer to sue him in Ohio, and jurisdiction was valid. *Clark v. Connor,* 82 Ohio St.3d 309, 313 (1998). The allegations against Zweigle follow the exact path of *Clark.* Therefore, Zweigle is subject to personal jurisdiction in this Court under Ohio's statute.

Ohio courts have held that visiting regularly over the course of years is sufficient to establish the contacts necessary for the long arm statute, such as 30-45 days per year

3

over the course of 10 years. *Maui Toys, Inc. v. Brown,* 2014-Ohio-583 (Ct. App.) Zweigle's regular visits to Ohio over the course of the contract solidify his contacts to the state. Therefore, this Court has personal jurisdiction under Ohio's long arm statute.

### C. Due Process

Now the Court must analyze jurisdiction within the confines of constitutional due process. Here the Court must determine if: 1) the defendant purposefully availed himself of the forum state; 2) the cause of action arose from the defendant's activities within the state; and 3) the acts had a substantial enough connection to make jurisdiction reasonable. *Southern Machine Co. v. Mahasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1968).

Purposeful availment must be more than a passive availment of the forum state's opportunities. *Bridgeport Music, Inc. v. Still N The Water Publ'g,* 327 F.3d 472, 478 (6th Cir. 2003). If a person has gained the benefit and protection of a state's laws, it is "presumptively not unreasonable to require him to submit to the burdens of litigation." *Burger King Corp v. Rudzewicz,* 471 U.S. 462, 476 (1985).

By contracting for work in Ohio, Zweigle has purposefully availed himself of Ohio's laws; and, as established *supra,* the suit did arise out of these contacts. He gained the benefits of Ohio law by working with an Ohio corporation exclusively for seven years. The injuries did arise from the alleged actions or consequences of those actions in the form state. The real question here is if it is reasonable to force Zweigle to litigate in Ohio when he is located in California.

Zweigle contends that it would be financially disastrous to force him to litigate in Ohio, noting that he never paid for his business trips to Ohio in the past. However, the financial burden is not as high as he believes it to be. Zweigle may file for the Court to excuse him from preliminary hearings, and may not need to be present in Ohio for discovery. His attorney in Ohio

can handle the litigation and it may be possible that Zweigle never comes to Ohio until trial.  If the case does reach trial, he will only need to be in Ohio for a shorter period of time. Therefore personal jurisdiction is constitutional in this case.

### III.     Conclusion

When viewing the pleadings in a light most favorable to Switchback, the Court believes that Switchback has met their slight burden of making a *prima facie* showing of personal jurisdiction.

For the forgoing reasons, Zweigle's motion to dismiss is DENIED.

IT IS SO ORDERED.


Dated: 07/09/2015                                              */s/ John R. Adams*_____
                                                               **John R. Adams**
                                                               **United States District Judge**