McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Douglas M. Beard (OH #0073759)
  *Douglas.beard@mccormickbarstow.com*
312 Walnut Street
Scripps Center, Suite 1050
Cincinnati, Ohio 45202
Telephone:   (513) 762-7520
Facsimile:    (513) 762-7521

Attorneys for Defendant JOHN ZWEIGLE, dba Design Services

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SWITCHBACK GROUP, INC., | Case No. 5:14-cv-1022 |
| Plaintiff, | **DEFENDANT JOHN ZWEIGLE, dba DESIGN SERVICE'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| v. | |
| JOHN ZWEIGLE, dba Design Service, | Judge:   Hon. John R. Adams |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Defendant, JOHN ZWEIGLE, dba Design Services (hereafter "this Answering Defendant"), answers Plaintiff SWITCHBACK GROUP, INC.'S Amended Complaint ("Complaint") and admits, denies and alleges as follows:

**SUMMARY OF CASE**

1. In response to Paragraph 1 of the Complaint, this Answering Defendant objects to the term "sophisticated" as vague and ambiguous. Without waiving this objection, this Answering Defendant admits the allegations contained therein.

2. In response to Paragraph 2 of the Complaint, this Answering Defendant admits the allegations contained therein.

3. In response to Paragraph 3 of the Complaint, this Answering Defendant admits that he

1  did business as "Design Services" and that he was retained by Switchback as an independent
2  contractor. However, this Answering Defendant denies the remaining allegations.
3      4.     In response to Paragraph 4 of the Complaint, this Answering Defendant denies each
4  and every allegation contained therein.

## THE PARTIES

6      5.     In response to Paragraph 5 of the Complaint, this Answering Defendant admits the
7  allegations contained therein.
8      6.     In response to Paragraph 6 of the Complaint, this Answering Defendant admits the
9  allegations contained therein.
10      7.     In response to Paragraph 7 of the Complaint, this Answering Defendant objects as it
11  calls for a legal conclusion. This Answering Defendant denies the allegation that "Upon information
12  and belief, Zweigle is the owner and controlling force of Design Services and is personally liable for
13  the acts and omissions committed in the name of 'Design Services.'" This Answering Defendant
14  admits the allegation that "Upon information and belief, 'Design Services' is an unincorporated sole
15  proprietorship under which Zweigle does business from time to time."

## JURISDICTION AND VENUE

17      8.     In responding to Paragraph 8 of the Complaint, this Answering Defendant denies each
18  and every allegation contained therein.
19      9.     In responding to Paragraph 9 of the Complaint, this Answering Defendant denies each
20  and every allegation contained therein.
21      10.     In responding to Paragraph 10 of the Complaint, this Answering Defendant denies each
22  and every allegation contained therein.
23      11.     In responding to Paragraph 11 of the Complaint, this Answering Defendant denies each
24  and every allegation contained therein.
25      12.     In response to Paragraph 12 of the Complaint, this Answering Defendant admits the
26  allegations contained therein.
27      13.     In response to Paragraph 13 of the Complaint, this Answering Defendant objects as
28  vague and ambiguous as to time. Without waiving these objections, this Answering Defendant admits

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

the allegations contained therein.

14. In response to Paragraph 14 of the Complaint, this Answering Defendant objects as vague and ambiguous as to time. Without waiving these objections, this Answering Defendant admits the allegations contained therein.

15. In response to Paragraph 15 of the Complaint, this Answering Defendant objects as vague and ambiguous as to time. Without waiving these objections, this Answering Defendant admits the allegations contained therein.

16. In responding to Paragraph 16 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

17. In responding to Paragraph 17 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

18. In responding to Paragraph 18 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

## **RELEVANT FACTS**

19. In responding to Paragraph 19 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

20. In response to Paragraph 20 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. In response to Paragraph 21 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. In response to Paragraph 22 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23. In response to Paragraph 23 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## **ZWEIGLE'S BAD ACTS**

24. In response to Paragraph 24 of the Complaint, this Answering Defendant denies the allegation that "MDG Packaging Solutions that was struggling for customers." This Answering Defendant admits the remaining allegations contained in Paragraph 24.

25. In response to Paragraph 25 of the Complaint, this Answering Defendant admits the allegations contained therein.

26. In response to Paragraph 26 of the Complaint, this Answering Defendant denies the allegations that winding down MDG Packing Solutions was part of the agreement and that this Answering Defendant was to "work exclusively for Switchback on a full-time basis." This Answering Defendant admits the remaining allegations contained in Paragraph 26.

27. In response to Paragraph 27 of the Complaint, this Answering Defendant objects as vague and ambiguous as to time. Without waiving these objections, this Answering Defendant denies each and every allegation contained therein.

28. In response to Paragraph 28 of the Complaint, this Answering Defendant denies the allegations that winding down MDG Packing Solutions was part of the agreement and that this Answering Defendant was to "work exclusively for it on a full-time basis." This Answering Defendant admits the remaining allegations contained in Paragraph 28.

29. In responding to Paragraph 29 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

30. In response to Paragraph 30 of the Complaint, this Answering Defendant denies the allegation in the first sentence. Further, this allegation is vague and ambiguous as to the meaning of "additional business opportunities." Subject to the foregoing, this Answering Defendant admits the remaining allegations contained in Paragraph 30.

31. In responding to Paragraph 31 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

32. In responding to Paragraph 32 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

33. Objection, vague and ambiguous as to "additional business opportunities." Subject to

the foregoing, in responding to Paragraph 33 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

34. In responding to Paragraph 34 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

35. In responding to Paragraph 35 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

36. In responding to Paragraph 36 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

37. In responding to Paragraph 37 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

38. In responding to Paragraph 38 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

39. In responding to Paragraph 39 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

40. In responding to Paragraph 40 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

41. In responding to Paragraph 41 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

42. In responding to Paragraph 42 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

43. In responding to Paragraph 43 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

## COUNT ONE

*False Advertising under the Lanham Act*

*15 U.S.C. § 1125(a)(1)(b)*

44. In response to Paragraph 44 of the Complaint, this Answering Defendant incorporates by this reference as though fully set forth herein his responses to Paragraphs 1 through 43 of the Complaint as set forth hereinabove.

45. In responding to Paragraph 45 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

46. In responding to Paragraph 46 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

## COUNT TWO

*Ohio's Deceptive Trade Practices Act*

*Ohio Rev. Code § 4165.01 et seq.*

47. In response to Paragraph 47 of the Complaint, this Answering Defendant incorporates by this reference as though fully set forth herein his responses to Paragraphs 1 through 46 of the Complaint as set forth hereinabove.

48. In responding to Paragraph 48 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

49. In responding to Paragraph 49 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

## COUNT THREE

*Unfair Competition under the Lanham Act and Common Law*

*15 U.S.C. § 1.125(a)(1)(A)*

50. In response to Paragraph 50 of the Complaint, this Answering Defendant incorporates by this reference as though fully set forth herein his responses to Paragraphs 1 through 49 of the Complaint as set forth hereinabove.

51. In responding to Paragraph 51 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

52. In responding to Paragraph 52 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

53. In responding to Paragraph 53 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

## COUNT FOUR

### *Unjust Enrichment*

54. In response to Paragraph 54 of the Complaint, this Answering Defendant incorporates by this reference as though fully set forth herein his responses to Paragraphs 1 through 53 of the Complaint as set forth hereinabove.

55. In responding to Paragraph 55 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

56. In responding to Paragraph 56 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

57. In responding to Paragraph 57 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

58. In responding to Paragraph 58 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

59. In responding to Paragraph 59 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

## COUNT FIVE

### *Breach of Contract*

60. In response to Paragraph 60 of the Complaint, this Answering Defendant incorporates by this reference as though fully set forth herein his responses to Paragraphs 1 through 59 of the Complaint as set forth hereinabove.

61. In response to Paragraph 61 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

62. In response to Paragraph 62 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

63. In response to Paragraph 63 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

7   5:14-cv-1022
DEFENDANT JOHN ZWEIGLE, dba DESIGN SERVICE'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

## COUNT SIX

### *Interference with Existing and Prospective Economic Advantage*

64. In response to Paragraph 64 of the Complaint, this Answering Defendant incorporates by this reference as though fully set forth herein his responses to Paragraphs 1 through 63 of the Complaint as set forth hereinabove.

65. In response to Paragraph 65 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

66. In response to Paragraph 66 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

67. In response to Paragraph 67 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

68. In response to Paragraph 68 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

69. In response to Paragraph 69 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

70. In response to Paragraph 70 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

71. In response to Paragraph 71 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

72. In response to Paragraph 72 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

73. In response to Paragraph 73 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

8

5:14-cv-1022

DEFENDANT JOHN ZWEIGLE, dba DESIGN SERVICE'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

## COUNT SEVEN

### *Declaratory Judgment*

74. In response to Paragraph 74 of the Complaint, this Answering Defendant incorporates by this reference as though fully set forth herein his responses to Paragraphs 1 through 73 of the Complaint as set forth hereinabove.

75. In response to Paragraph 75 of the Complaint, this Answering Defendant denies the allegation that "Because Zweigle was not being retained as an employee, the parties further agreed in writing that all of Zweigle's work product would be Switchback's property." This Answering Defendant admits the remaining allegations contained in Paragraph 75.

76. In response to Paragraph 76 of the Complaint, this Answering Defendant admits the allegations contained therein.

77. In response to Paragraph 77 of the Complaint, this Answering Defendant admits the allegations contained in the first two sentences and the last sentence. However, this Answering Defendant denies the allegations in the third sentence.

78. In response to Paragraph 78 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

79. In response to Paragraph 79 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

80. In response to Paragraph 80 of the Complaint, this Answering Defendant denies each and every allegation contained therein.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

81. This section includes a prayer for relief to which no response is required. To the extent a response is required, this Answering Defendant denies that Plaintiff is entitled to any of the relief sought.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

82. As a first affirmative defense to the Complaint, this Answering Defendant alleges that the Complaint fails to allege facts sufficient to state a "cause of action" (i.e., claim for relief) upon

which relief can be granted against this Answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

83. As a second affirmative defense to the Complaint, this Answering Defendant is informed and believes, and thereupon alleges, that Plaintiff has failed to reasonably act to mitigate its damages, if any, and to such an extent is barred from any recovery herein.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

84. As a third affirmative defense to the Complaint, this Answering Defendant alleges that by reason of the knowledge, statements and conduct of Plaintiff, Plaintiff lacks clean hands with respect to the transactions alleged in Plaintiff's Complaint and is, therefore, not entitled to any relief based upon the Complaint or any of the "causes of action" (i.e., claims for relief) stated therein.

## FOURTH AFFIRMATIVE DEFENSE

### (Express and/or Implied Waiver)

85. As a fourth affirmative defense to the Complaint, this Answering Defendant alleges that Plaintiff has voluntarily relinquished its known rights, or by its conduct, should be deemed to have impliedly waived its known rights, and that consequently Plaintiff is barred from any recovery herein under the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Cause)

86. As a fifth affirmative defense to the Complaint, this Answering Defendant alleges that Plaintiff's injuries and damages, if any, were caused by the conduct of persons other than this Answering Defendant, over whom this Answering Defendant had and have no right of control. The conduct of such third persons was an intervening and/or superseding cause of Plaintiff's injuries and damages, if any exist.

## SIXTH AFFIRMATIVE DEFENSE

### (Comparative and Contributory Fault/Third Party)

87. As a sixth affirmative defense to the Complaint, this Answering Defendant alleges that

the damages complained of by Plaintiff, if any, were proximately caused by Plaintiff's own negligence, that of its agents and/or third parties other than this Answering Defendant, which said negligence has proximately caused the alleged loss or harm to Plaintiff, if any, and such negligence of Plaintiff, its agents and/or third parties, should either eliminate entirely or reduce any recovery by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

88. As a seventh affirmative defense to the Complaint, this Answering Defendant alleges that any recovery by Plaintiff is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

89. As an eighth affirmative defense to the Complaint, this Answering Defendant alleges that any recovery by Plaintiff is barred by the doctrine of equitable estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (No Superior Equities)

90. As a ninth affirmative defense to the Complaint, this Answering Defendant alleges that Plaintiff lacks superior equities to this Answering Defendant and thus cannot recover on any Count contained in its Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Defendants' Retention of Funds Not Unjust Enrichment)

91. As a tenth affirmative defense to the Complaint, this Answering Defendant alleges that, under the circumstances presented here, and given public policy considerations, laws and regulations regarding and affecting insurance companies, it is not unjust that this Answering Defendant be entitled to retain any and all funds sought by Plaintiff or the benefit of such funds.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Breach of Good Faith and Fair Dealing)

92. As an eleventh affirmative defense to the Complaint, Plaintiff is not entitled to relief sought by the Complaint because Plaintiff has breached its obligations, including but not limited to its

obligation of good faith and fair dealing.

### TWELFTH AFFIRMATIVE DEFENSE

### (Justification)

93. As a twelfth affirmative defense to the Complaint, this Answering Defendant was justified in any acts that were purportedly wrongful because Plaintiff expressly agreed to allow this Answering Defendant's conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

94. As a thirteenth affirmative defense to the Complaint, Plaintiff's claims are barred in whole and in part under the doctrine of acquiescence.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

95. As a fourteenth affirmative defense to the Complaint, any acts alleged to have been committed by this Answering Defendant or any of its agents, servants, employees, or representatives were reasonable and justified under the circumstances, and were based upon fair and honest reasons, regulated by good faith on the part of this Answering Defendant, and were not trivial, arbitrary, capricious, unrelated to business needs or goals, or pretextual.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Causation)

96. As a fifteenth affirmative defense to the Complaint, this Answering Defendant alleges that any alleged acts or omissions of said Answering Defendant, if any, which alleged acts or omissions are generally and specifically denied herein, did not constitute the legal and/or proximate cause of any loss allegedly sustained by Plaintiff, which loss is also generally and specifically denied by this Answering Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Product Confusion)

97. As a sixteenth affirmative defense to the Complaint, Plaintiff's claimed infringement and unfair competition claims against this Answering Defendant fail because no likelihood of

confusion exists among customers and potential customers with respect to Plaintiff and this Answering Defendant's products.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

98. As a seventeenth affirmative defense to the Complaint, Plaintiff is barred from seeking injunctive relief in this action, since Plaintiff has an adequate remedy at law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Conduct Not Misleading)

99. As an eighteenth affirmative defense to the Complaint, although this Answering Defendant does not admit to engaging in any conduct alleged by Plaintiff, to the extent that any conduct by this Answering Defendant could be construed as relating to matters alleged in the complaint, that conduct was not misleading or likely to mislead Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

100. As a nineteenth affirmative defense to the Complaint, Plaintiff cannot recover any damages to the extent they are speculative including, but not limited to, damages sought for lost profits.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

101. As a twentieth affirmative defense to the Complaint, this Answering Defendant alleges that additional discovery may establish the applicability of various other defenses. This Answering Defendant hereby reserves the right to amend to allege such additional defenses, if appropriate, including amendment after trial according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, this Answering Defendant prays that this Court enter judgment in its favor and against Plaintiff and grant it the following relief:

(1) That Plaintiff take nothing by reason of its Complaint;

(2) That is Answer Defendant be awarded his costs of suit incurred herein; and

(3) For such other and further relief as to the Court seems just and proper.

Dated: August 5, 2015

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: */s/ Douglas M. Beard*
Douglas M. Beard (OH #0073759)
Attorneys for Defendant JOHN ZWEIGLE, dba
Design Services

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

14　　　　5:14-cv-1022
DEFENDANT JOHN ZWEIGLE, dba DESIGN SERVICE'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

**JURY TRIAL DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant JOHN ZWEIGLE, dba Design Services hereby demands trial by jury on all issues so triable.

Dated:  August 5, 2015                               McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP


By: */s/ Douglas M. Beard*
Douglas M. Beard
Attorneys for Defendant JOHN ZWEIGLE, dba Design Services

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing Motion to Dismiss was served via the Court's electronic filing system upon the following on this 5th day of August, 2015.

> David T. Movius
> Matthew J. Cavanagh
> McDonald Hopkins, LLC
> 600 Superior Avenue, East, Ste. 2100
> Cleveland, Ohio 44114
> dmovius@mcdonaldhopkins.com
> mcavanagh@mcdonaldhopkins.com

                                                              S/ Douglas M. Beard
                                                              Douglas M. Beard

3534087.1

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

16        5:14-cv-1022
DEFENDANT JOHN ZWEIGLE, dba DESIGN SERVICE'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT